# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**ORLANDO LARRY,**

        Plaintiff,

v.                                      **Civil Action No. 5:19-CV-138**
                                                  Judge Bailey

**THE UNITED STATES OF AMERICA,**

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-captioned matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 20], filed on September 18, 2020. Plaintiff filed his Written Objections to the Report and Recommendation [Doc. 23] on October 8, 2020. Accordingly, this matter is now ripe for adjudication.

In this case, plaintiff has asserted claims under the Federal Tort Claims Act ("FTCA"). Specifically, plaintiff contends medical staff at FCI Gilmer, the facility in which plaintiff is incarcerated, committed medical malpractice and deliberate negligence during the course of medical treatment he received at said facility. In his R&R, Magistrate Mazzone recommended that plaintiff's Complaint under the FTCA be dismissed without prejudice because it is untimely. Additionally, Magistrate Mazzone noted that plaintiff failed to comply with the requirements of West Virginia Code § 55-7B-6(c), a defect also warranting dismissal.

1

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. For the reasons contained herein, this Court will adopt the R&R.

## APPLICABLE LAW

Federal courts lack subject matter jurisdiction to address lawsuits against the federal government unless the United States expressly consents to be sued by clearly and specifically waiving sovereign immunity. **FDIC v. Meyer,** 510 U.S. 471, 475 (1994). The FTCA is a limited and narrowly tailored waiver of sovereign immunity that imposes tort liability on the United States in certain circumstances for injuries caused by the negligent or wrongful acts or omissions of federal government employees. 28 U.S.C. § 1346(b). The FTCA does not create an independent legal cause of action. **Medina v. United States,** 259 F.3d 220, 223 (4th Cir. 2001) (citations omitted). Instead, the FTCA holds the United States liable where a private individual would be liable under similar circumstances for a state law tort in the relevant jurisdiction. **Id.**

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any individual government employee or agency, is the *only* proper defendant in an FTCA lawsuit. *See* 28 U.S.C. § 2679(a); **Webb v. Hamidullah**, 281 F.App'x 159, 161, n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); **Holmes v. Eddy**, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA).

In regard to plaintiff's substantive claims, the FTCA waives the federal government's sovereign immunity for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). More specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." **Medina**, 259 F.3d at 223. Nevertheless, in order for an action brought under the FTCA to be deemed timely, it must be "begun within six-months after the date of mailing, by certified mail or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Moreover, this limitations period is to be strictly construed, such that, "[i]f an action is not filed as the statute requires, the six-month time period may not be extended." **Tuttle v. United States Postal Service**, 585 F. Supp. 55 (M.D. Pa. 1983) (citing **United States v. Kubrick**, 444 U.S. 111. 117–18 (1979)).

Despite the foregoing, a failure of the plaintiff to properly abide by the relevant limitations period may be excused under the doctrine of equitable tolling "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." **Kokotis v. United States Postal Service**, 223 F.3d 275, 280–81 (4th Cir. 2000)

(quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). As such, the doctrine of equitable tolling is "based on the view that a defendant should not be encouraged to engage in misconduct that prevents the plaintiff from filing his or her claim on time." *Kokotis*, 223 F.3d at 281 (internal citations omitted). Nonetheless, the law is well-settled that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)).

FTCA liability is governed by state law. *Rayonier Inc. v. United States*, 352 U.S. 315 (1957); *Myrick v. United States*, 723 F.2d 1158 (4th Cir. 1983) (In FTCA action, federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred). In West Virginia, a plaintiff alleging medical negligence must comply with the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-1 *et seq.* *Dreenen v. United States*, 2010 WL 1650032, *2 (4th Cir. 2010); *Callahan v. Cho*, 437 F.Supp.2d 557, 561 (E.D. Va. 2006); *Stanley v. United States*, 321 F.Supp.2d 805, 808–09 (N.D. W.Va. 2004) (Keeley, J.).

The plaintiff bears the burden of proving negligence and that the lack of skill on the part of the physician proximately caused the injuries suffered. *See* W. Va. Code §§ 55-7B-7 (noting that the applicable standard of care and a defendant's failure to meet the standard of care, if at issue, shall be established in medical professional liability cases by the plaintiff).

Ordinarily, a claim of medical negligence must be supported by expert testimony. *Osborne v. United States*, 166 F.Supp.2d 479, 497 (S.D. W.Va. 2001) (Haden, C.J.).

4

Specifically, where a medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and treated, or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. *Banfi v. American Hosp. for Rehabilitiation*, 207 W.Va. 135, 529 S.E.2d 600, 605–06 (2000).

This expert testimony must be presented to support even a prima facie claim of medical negligence, unless the physician's "lack of care or skill is so great and gross that expert testimony is unnecessary." *Osborne*, 166 F. Supp. 2d at 498, n.13. Additionally, "[t]he physician is not bound to provide the patient with the highest degree of care possible. The mere fact a patient is not cured by the physician's treatment does not establish or raise a presumption of negligence." *Id.*

In West Virginia, a prospective plaintiff must complete certain *prerequisites*, including providing a certificate of merit, *before* he files a medical negligence or malpractice lawsuit. *See* W. Va. Code § 55-7B-6 (entitled "prerequisites for filing an action against a health care provider"). This statute "imposes special requirements that must be met *before* a suit can be filed." *Stanley v. United States*, 321 F.Supp.2d 805, 808 (N.D. W.Va. 2004) (Keeley, J.) (emphasis in original). The certificate of merit is a pre-filing requirement and a "necessary prerequisite" to maintain a medical professional liability lawsuit. *Id.* at 808–809. A prospective plaintiff must meet the MPLA certificate of merit requirement in addition to the FTCA administrative exhaustion requirement. *Stanley*, 321 F.Supp.2d at 805–09.

The screening certificate of merit is a statement from a medical expert opining that the applicable standard of care was breached. W.Va. Code § 55-7B-6(b). Requiring a prospective plaintiff to consult an expert and provide a screening certificate before he sues

5

a healthcare provider serves to limit frivolous medical negligence and malpractice lawsuits. *Stanley*, 321 F. Supp. 2d at 809.

Generally, a court must dismiss a medical professional liability lawsuit where the prospective plaintiff fails to provide a certificate of merit before he files the case. *Lancaster v. USP Hazelton*, 2017 WL 3448187, at *4 (N.D. W.Va. Aug. 11, 2017) (Groh, CJ.) (citations omitted). The certificate requirement may be excused only if "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care." W.Va. Code § 55-7B-6(c). Even then, the plaintiff must still file a statement setting forth the basis of alleged liability. *Id*.

The West Virginia Supreme Court of Appeals has stated as follows regarding the type of negligence claims where expert testimony is not required because the relevant medical diagnosis and treatment is within the common knowledge and understanding of a layperson:

> In medical malpractice cases where lack of care or want of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience, failure to present expert testimony on the accepted standard of care and degree of skill under such circumstances is not fatal to a plaintiff's prima facie showing of negligence.

*Banfi*, 207 W.Va. 135, 140–41, 529 S.E.2d 600, 606 (2000) (citations omitted). "[T]ypically expert testimony is required to prove claims of medical negligence when the alleged misconduct involves a complex medical decision rather than a matter involving nonmedical, routine, or ministerial care." *Banfi*, 207 W.Va. at 143, 529 S.E.2d. at 608. "Whether a

defendant has properly diagnosed and/or treated a patient entrusted to his/her care necessitates expert testimony because such a question is outside the common knowledge of the typical jury." *Id*.

## DISCUSSION

Here, plaintiff presented his initial Administrative Claim TRT-MXR-2018-04448 on May 2, 2018, thereby invoking his administrative remedies. Subsequently, the BOP denied his claim on September 26, 2018, and advised plaintiff that he had six months from that date within which to file suit in federal court. As identified by Magistrate Judge Mazzone, plaintiff had until March 26, 2018, to file his claim under the aforementioned statutory time frame. However, he did not file his claim until March 29, 2019, after the six-month deadline had expired. While plaintiff asserts in his Written Objections to the Report and Recommendations that the Administrative Agency received his tort claim form prior to May 2, 2018, documentation from the U.S. Department of Justice [Doc. 1-6] clearly indicates that the administrative claim was in fact received on May 2, 2018. As such, the claim was timely denied by the BOP on September 26, 2018, and plaintiff's objection concerning the applicable statute of limitations is overruled.

Plaintiff also objects to Magistrate Judge Mazzone's finding that his failure to timely file the subject FTCA claim should not be excused by the doctrine of equitable tolling. As noted above, the law is well-settled that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)). Further, "[a] statute can be equitably tolled only if a plaintiff shows that (1) he

7

pursued his claim with reasonable diligence and (2) extraordinary circumstances prevented him from filing on time." *Lucas v. United States*, 664 F.App'x 333, 335 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Having reviewed Magistrate Judge Mazzone's findings concerning the inapplicability of equitable tolling, this Court agrees that the record contains no evidence establishing any extraordinary circumstances warranting an application of equitable tolling here. As such, plaintiff's objection concerning Magistrate Judge Mazzone's findings in that respect is overruled.

Finally, plaintiff objects to Magistrate Judge Mazzone's findings concerning his noncompliance with W.Va. Code § 55-7B-6. As noted in the R&R, plaintiff's statement in lieu of providing the statutorily required screening certificate is inadequate. As noted above, a court must dismiss a medical professional liability lawsuit where the prospective plaintiff fails to provide a certificate of merit before he files the case. *Lancaster v. USP Hazelton*, 2017 WL 3448187, at *4 (N.D. W.Va. Aug. 11, 2017) (Groh, CJ.) (citations omitted). The certificate requirement may be excused only if "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care." W.Va. Code § 55-7B-6(c). As noted by Magistrate Judge Mazzone, plaintiff simply asserts that his treatment providers breached the standard of care that a reasonable and prudent person would have exercised. Plaintiff makes no indication concerning what condition he believes was negligently treated, nor does he assert a specific basis for the alleged liability of the medical providers. In fact, the only diagnosis demonstrated by a physician in this matter is provided by Dr. Susan Long, who performed a esophagogastroduodenoscopy with biopsy on plaintiff at St. Joseph's Hospital on March 5,

2018. The postoperative diagnosis was GERD, gastritis, pre-plyloric ulcer, duodenitis, perineal abscess, and hemorrhoids. [Doc. 1-1 at 20].

As stated by Magistrate Mazzone, the diagnoses and treatment of these conditions are not within the understanding of lay jurors by resort to common knowledge and experience. See *O'Neil v. U.S.*, 2008 WL 906470 (S.D. W.Va. Mar. 31, 2008) (Johnston, J.) (finding that plaintiff was not excused from filing a screening certificate of merit because the treatment and diagnosis of Graves disease, hyperthyroidism, congestive heart failure, and cardiomyopathy are not within the understanding of lay jurors by resort to common knowledge and experience). As such, this Court finds that plaintiff was not excused from filing a screening certificate of merit pursuant to the aforementioned code, and plaintiff's objection concerning the same is overruled.

Upon careful review of the record before this Court and the aforementioned applicable law, it is the opinion of this Court that the Report and Recommendation **[Doc. 20]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE**. Having so found, plaintiff's Motion for a Preliminary Injunction **[Doc. 17]** is **DENIED AS MOOT.**

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff and to transmit copies to all counsel of record herein.

DATED: October 14, 2020.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE